# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2011

Lyle W. Cayce
Clerk

No. 10-30401
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

RANDYOL PATTERSON, JR.,

Defendant–Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-37-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Randyol Patterson, Jr. was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was convicted after a two-day jury trial. The district court sentenced Patterson to 96 months of imprisonment, three years of supervised release, and a $100 special assessment.

On direct appeal, Patterson now argues that his Sixth Amendment Confrontation Clause rights were violated when the district court sustained two of the prosecutor's objections and thereby limited Patterson's cross-examination

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Jessica Owens, the mother of his child.  Patterson contends that if he had been allowed to further question Owens about her personal feelings toward him, he would have exposed her bias to the jury.

The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant to confront the witnesses against him. *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986).  Where a Confrontation Clause violation is found to have occurred due to a district court's erroneous limitation on cross-examination, harmless error review applies. *Id.* at 684.  "The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." *Id.*  Factors that a court takes into account when considering harmlessness include: (1) the importance of the witness's testimony to the case against the defendant; (2) whether the witness's testimony was cumulative; (3) whether any other evidence corroborates or contradicts the witness's testimony on material points; (4) the extent of any cross-examination permitted of the witness; and (5) the overall strength of the prosecution's case. *Id.*

Here, even assuming that Patterson has established a Sixth Amendment violation (i.e., that the jury would have had a significantly different impression of Owens's credibility if her cross-examination had not been limited, *see United States v. Davis*, 393 F.3d 540, 548 (5th Cir. 2004)), due to the corroboration of Owens's material testimony by other witnesses and the overwhelming strength of the Government's case against Patterson, any error by the district court was harmless. *See Van Arsdall*, 475 U.S. at 684.

AFFIRMED.